IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JAMES ACKERMAN,<br>Plaintiff,<br><br>v<br>MENTAL HEALTH COURT,<br>Defendant. | )<br>)<br>)<br>)  2:13-cv-173<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION

On February 4, 2013, upon consideration of Plaintiff's MOTION AND DECLARATION IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS (Document No. 1), the Court ordered that the motion be denied and the case be dismissed. This Memorandum Opinion sets forth the legal basis for the Court's order.

While 28 U.S.C. § 1915 authorizes litigants like Mr. Ackerman to proceed in forma pauperis ("IFP"), such status is a privilege which may be denied when abused. The Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

The Court is, thus, obligated to conduct a preliminary review of each IFP case under the § 1915(e) factors. To that end, the Court may dismiss IFP cases *sua sponte* "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Estelle v. Gamble,* 429 U.S. 97, 97 (1976). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325. When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) *(quoting Neitzke*, 490 U.S. at 327-329).

Mr. Ackerman's handwritten Complaint identifies the named Defendant as "Mental Health Court." He claims violations of his "right to sue, Whistleblower Protection act for non-profit [and] 7th Amendment of the U.S. Constitution." Although the allegations are somewhat difficult to decipher, it appears that Mr. Ackerman alleges that a health provider (Mercy) filed a "302" or "304"[1] without just cause, and that the resulting hearing "was not fair." As relief, Mr. Ackerman seeks "to update and make new laws and set up a P.O. system, 219 for homeless." He also seeks a monetary award of five billion dollars ($5,000,000,000.00). Attached to the § 2255 prisoner complaint form is a list of twenty-five (25) specific rights to which Mr. Ackerman claims entitlement. Also attached to the Complaint form is a request from Mr. Ackerman "to file a housing motion to be add[ed] to another housing question of law." The fourteen paragraphs of this "housing motion" appear to relate to the topics set forth in the Complaint. To summarize, Mr.

---

[1] These numbers are presumably references to involuntary commitment orders pursuant to the Pennsylvania Mental Health Procedures Act. *See* 50 P.S. §§ 7302, 7304.

Ackerman contends that the 302 commitment process has been abused because he is being kept in the hospital on the basis that he is homeless rather than being placed successfully in his own apartment.

There are several fundamental flaws which require that the Complaint in this case be dismissed. First, Mr. Ackerman has not properly identified an appropriate Defendant. There is no such entity as the "Mental Health Court." Similarly, to the extent that Mr. Ackerman seeks to update and reform the laws which govern the statutory procedures of involuntary commitment, such actions must be taken by the Pennsylvania state legislature rather than a federal court. This Court cannot order a legislative remedy.

In any event, it is well-settled that courts are entitled to judicial immunity under the facts and circumstances of this case. As recently explained in *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. 2011):

> "[J]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person." *Feingold v. Hill*, 360 Pa. Super. 539, 521 A.2d 33, 36 (1987) (*citing Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Thus, judicial immunity requires a two-part analysis: first, whether the judge has performed a judicial act; and second, whether the judge has some jurisdiction over the subject matter before him. "The rationale in support of such protection is that for magistrates to exercise their discretion freely and apply their understanding of the law to the facts before them, they must be granted such a measure of independence that they are not compelled to respond in damages for mistakes honestly made provided they have not acted beyond the pale of their authority." *Beam v. Daihl*, 767 A.2d 585, 586 (Pa.Super. 2001).

It is abundantly clear from the filings of Mr. Ackerman that the elements for judicial immunity are met. He complains about the performance of a judicial act – that is, the entry of an involuntary commitment order. There is no indication that the court acted beyond its

jurisdiction.  To the contrary, Mr. Ackerman appears to acknowledge that the involuntary commitment order was entered by a "mental health court."

In conclusion, this Court has determined that there is no logical construction of Plaintiff's Complaint from which to derive a viable claim against the non-existent named Defendant and the deficiencies of the Complaint cannot be cured by amendment.  Accordingly, by Order dated February 4, 2013 the motion for IFP status was denied and the Complaint was dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

        BY THE COURT:

        s/Terrence F. McVerry
        United States District Judge

cc:     **WILLIAM JAMES ACKERMAN**
       811 O'Hara Street
       Pittsburgh, PA 15213

4